UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| KTM NORTH AMERICA, INC.,<br>an Ohio Corporation; KTM-<br>SPORTSMOTORCYCLE AG,<br>an Austrian Corporation, | ) <br> ) <br> ) <br> ) <br> ) | CIV. 13-5033-JLV |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | PERMANENT INJUNCTION |
| CYCLE HUTT, INC., a North Dakota<br>Corporation; STURGIS CYCLE<br>HUTT, LLC, a South Dakota<br>Limited Liability Company;<br>DIRT PROMOTIONS, LLC,<br>a South Dakota Limited Liability<br>Company; JUSTIN BOHN, an<br>Individual; TAMMY BOHN, an<br>Individual; and DOES 1-50,<br>inclusive, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

**INTRODUCTION**

On May 1, 2013, plaintiffs KTM NORTH AMERICA, INC. ("KTM NA"), an

Ohio Corporation, and KTM-SPORTMOTORCYCLE AG ("KTM AG"), an Austrian

Corporation, filed a verified complaint alleging a number of claims against the

defendants. (Docket 1). On May 2, 2013, plaintiffs filed an *ex parte* motion,

with supporting declarations, for a temporary restraining order ("TRO").

(Dockets 10, 11 & 12). On May 3, 2013, the court entered an order setting a

hearing on plaintiffs' motion for a TRO and requiring plaintiffs to serve a copy

of the order and all documents filed in this case on defendants or counsel for

defendants, if known to plaintiffs. (Docket 16). On May 7, 2013, the plaintiffs

appeared through their attorneys of record, Thomas G. Fritz and Gary K. Brucker, Jr. Defendants did not appear for the hearing either in person or through counsel. The court considered the plaintiffs' filings, considered the arguments of counsel, and entered an oral order granting plaintiffs' motion for a TRO. Applying the four factors of <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*), the court concluded plaintiffs were entitled to a TRO. (Docket 23). The TRO was issued on May 8, 2013. <u>Id.</u> As part of the TRO, the court required the defendants to "show cause, if any they have, why the court should not enter a preliminary injunction and permanent injunction under Fed. R. Civ. P. 65(a)(2)." <u>Id.</u> at p. 19.

The TRO was timely served on all the defendants. (Dockets 25, 26, 27, 28, & 29). Defendants did not respond to the court's order to show cause and the time for filing their response has expired. Defendants also failed to specifically respond to the plaintiffs' motion for a preliminary injunction (Docket 9) and the time for any responsive pleading to plaintiffs' verified complaint has expired under Fed. R. Civ. P. 12(a)(1)(A)(1). (Dockets 18-22).

The court is authorized to "advance the trial on the merits and consolidate it with the hearing[,]" thus consolidating requests for a preliminary and permanent injunction. Fed. R. Civ. P. 65(a)(2). Because defendants failed to respond in any fashion to either of plaintiffs' motions or the court's TRO and order to show cause, consolidation of plaintiffs' requests for a preliminary and permanent injunction is appropriate. Based on the status of this record, the

court will consider plaintiffs' motions as a motion for summary judgment under Fed. R. Civ. P. 56.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

If the undisputed evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate. Anderson, 477 U.S. at 256. However, the moving party is entitled to judgment as a matter of law if the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Fed. R. Civ. P. 56(e) allows for the possibility a party may fail to respond to another party's assertion of fact. In this situation, the court may consider the fact undisputed or may "grant summary judgment if . . . the movant is entitled to it[.]" Fed. R. Civ. P. 56(e). The court must still determine whether

summary judgment is appropriate regardless of whether the adverse party failed to respond. <u>United States v. One Parcel of Real Property</u>, 27 F.3d 327, 329 n. 1 (8th Cir. 1994); <u>see also</u> <u>Canada v. Union Electric Co.</u>, 135 F.3d 1211, 1213 (8th Cir. 1997) (the court "should normally not treat a failure to respond to the motion as conclusive. . . . instead, . . . [the court should] proceed to examine those portions of the record properly before [it] and decide for [itself] whether the motion is well taken.").

## DISCUSSION

"The standard for granting a permanent injunction is essentially the same as for a preliminary injunction, except that to obtain a permanent injunction the movant must attain success on the merits." <u>Bank One v. Guttau</u>, 190 F.3d 844, 847 (8th Cir. 1999). The court adopts and incorporates by reference the statement of facts and conclusions of law set forth in the TRO. (Docket 23 at pp. 5-23). Without repeating the <u>Dataphase</u> factors, the court makes the following additional findings of fact and conclusions of law.

Defendants' use of the websites ktmhutt.com, ktmhut.com, ktmcyclehutt.com, cyclehuttktm and ktmmotorcycles.com is in direct violation of the 2004 settlement agreement with KTM NA. (Docket 1-1 at p. 4) ("Cycle Hutt, Justin Bohn and Tammy Bohn hereby agree not to, directly or indirectly, register, purchase, use or otherwise acquire any internet domain names which incorporate any of KTM's trademarks, including but not limited to "KTM," in any manner or form, except upon prior written approval of KTM by an authorized person."). The court finds defendants Cycle Hutt, Justin Bohn, and

Tammy Bohn breached of the terms of the settlement agreement as stated in count 3 of the verified complaint. (Docket 1 at pp. 14-15)

The facts also support the conclusion all the defendants are intentionally interfering with the dealership agreements with plaintiffs' authorized dealerships. Defendants are not an authorized dealership and have no authority to purchase for resale KTM-related products from KTM dealers. Doing so without the permission of plaintiffs constitutes interference with those contracts. The court finds in favor of plaintiffs on count 4, the intentional interference with contract claim, as stated in the verified complaint. (Docket 1 at pp. 15-17).

The court finds defendants violated plaintiffs' trademarks as alleged in counts 5, 7, and 9-12 of the verified complaint. (Docket 1 at pp. 17-22, 23-25). Defendants' unlawful use of the websites ktmhutt.com, ktmhut.com, ktmcyclehutt.com, cyclehuttktm and ktmmotorcycles.com to sell KTM-related products "creates a likelihood of confusion, deception, or mistake among an appreciable number of ordinary buyers" of KTM-related products "as to the source of or association between" plaintiffs' KTM registered marks and the marks of the defendants. Sturgis Area Chamber of Commerce v. Sturgis Rally & Races, Inc., 99 F. Supp. 2d 1090, 1096 (D.S.D. 2000).

As a prior KTM dealership, defendants Cycle Hutt and the Bohns know the purpose, strength and distinctiveness of plaintiffs' trademarks. Plaintiffs, their authorized dealerships, and the defendants are all using the KTM mark in connection with marketing and selling KTM-branded products to the public.

Because of the similarity between plaintiffs' marks and defendants' marks, the court finds consumer confusion will occur if a permanent injunction is not issued.

Plaintiffs are entitled to equitable relief only if there is no adequate remedy at law. <u>Morales v. Trans World Airlines, Inc.</u>, 504 U.S. 374, 381 (1992). The harm that has already occurred can be remedied through damages. <u>Adam-Mellang v. Apartment Search, Inc.</u>, 96 F.3d 297, 300 (8th Cir. 1996) (finding preliminary injunctive relief unavailable where a plaintiff had "an adequate remedy at law, namely, the damages and other relief to which she will be entitled if she prevails . . . ."). "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." <u>Bandag, Inc. v. Jack's Tire & Oil, Inc.</u>, 190 F.3d 924, 926 (8th Cir. 1999) (quoting <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 506-07 (1959)).

"The likelihood of confusion is a factual question . . . ." <u>First National Bank in Sioux Falls v. First National Bank South Dakota</u>, 679 F.3d 763, 769 (8th Cir. 2012) (referencing <u>Georgia–Pac. Consumer Products LP v. Myers Supply, Inc.</u>, 621 F.3d 771, 775 (8th Cir. 2010)). "If there are two permissible views of the evidence, 'the fact-finder's choice between them cannot be clearly erroneous.'" <u>Id.</u> (quoting <u>Georgia-Pac Consumer Products LP</u>, 621 F.3d at 775) (quoting <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 574 (1985)). "[A] trademark plaintiff need not show actual confusion in order to prevail." <u>Id.</u> at 769. "[T]here are at least three evidentiary routes to prove a likelihood of confusion—survey evidence, evidence of actual confusion, and/or argument

based on an inference arising from a judicial comparison of the conflicting marks themselves and the context of their use in the marketplace." Id. (citing Heartland Bank v. Heartland Home Finance, Inc., 335 F.3d 810, 821 (8th Cir. 2003)).

The court finds the likelihood of confusion not only exists, but actual confusion exists. Defendants' unlawful use of the KTM trademark is purposefully intended to capture those consumers who are likely plaintiffs' customers. Because of plaintiffs' inability to control defendants' business practices, "the quality of defendants' services constitutes an immediate and irreparable injury, regardless of the actual quality of those services." Sturgis Area Chamber of Commerce, 99 F. Supp. 2d at 1101. A Google search of KTM reflects potential KTM customers are deflected to defendants' website cyclehutt.com. (Docket 1-9). Quantifying damages to plaintiffs' reputation and the reputations of their authorized dealers is difficult, if not impossible, to calculate. There is no adequate remedy at law to compensate for the harm caused to plaintiffs by customer complaints relating to defendants' business practices in the handling of plaintiffs' KTM-related products. (Docket 11-7). The effect on potential future purchase decisions of KTM-related products because of plaintiffs' inability to control defendants' non-dealership related conduct cannot be quantified. The same reality would undermine the reputation of KTM's authorized dealerships. The court finds there is no adequate remedy at law to compensate plaintiffs for the irreparable harm caused by the loss of plaintiffs' commercial reputation.

"[T]he balance of harm analysis examines the harm of granting or denying the injunction upon both of the parties to the dispute and upon other interested parties, including the public." <u>Uncle B's Bakery, Inc. v. O'Rourke</u>, 920 F. Supp. 1405, 1436 (N.D. Iowa 1996) (citing <u>Dataphase Systems, Inc.</u>, 640 F.2d at 114). While a permanent injunction will restrict defendants' business, prohibiting their use of the KTM mark and "KTM" in any website domain name will not necessarily put defendants out of business. The court finds it is in the public interest to prevent defendants' unlawful trademark infringement and to avoid deceit or confusion in the market place caused solely by defendants' conduct. Simply stated, defendants are not entitled to use of plaintiffs' trademarks.

Based on these findings, the court finds as a matter of law plaintiffs are entitled to a permanent injunction. Fed. R. Civ. P. 56 and 65. No bond is required for the issuance of a permanent injunction. Fed. R. Civ. P. 65(c). By the issuance of a permanent injunction, plaintiffs' TRO bond (Docket 24) is exonerated.

In support of their request for a permanent injunction, plaintiffs filed an additional affidavit and memorandum. (Dockets 30 & 31). Again, defendants failed to respond to plaintiffs' submissions. Plaintiffs ask the court to expand the "prohibitory language" of the permanent injunction to include a number of additional restrictions. (Docket 30 at pp. 2-3). The court finds the additional proposed restrictions are supported by the verified complaint and are appropriate in light of defendants' conduct.

**ORDER**

For good cause shown, it is hereby

ORDERED that plaintiffs' motions for a preliminary injunction (Docket 9) and a permanent injunction (Docket 1 at pp. 26-28) are granted.

IT IS FURTHER ORDERED that based on the issuance of the following permanent injunction, plaintiffs' bond (Docket 24) is exonerated.

IT IS FURTHER ORDERED that defendants CYCLE HUTT, INC., STURGIS CYCLE HUTT, LLC, DIRT PROMOTIONS, LLC, JUSTIN BOHN, and TAMMY BOHN are hereby immediately and permanently restrained and enjoined from engaging in the following activities:

1. Registering, purchasing, using, or otherwise acquiring any internet domain names which incorporate any of plaintiffs' trademarks, including but not limited to KTM, and including but not limited to ktmcyclehutt.com, cyclehuttktm.com, ktmhutt.com, ktmhut.com, and ktmmotorcycles.com;

2. Purchasing or otherwise acquiring for resale purposes any KTM motorcycles or related products from any authorized KTM dealerships;

3. Using the trademarks "KTM" and "KTM" on any website owned or operated by Defendants;

4. Using plaintiffs' orange and black trade dress (i.e., color scheme) on any website owned or operated by defendants;

5. Using the words "dealer" or "dealership" to describe the defendants' business on any website owned or operated by defendants, including www.cyclehutt.com, unless the words "dealer" or "dealership" are used in specific reference to an actual dealership agreement between defendants and a third party. This prohibition is not intended to bar defendants from truthfully disclaiming to the public that they operate an authorized KTM dealership; and

6. Using an "OEM parts finder," or any similar part selection tool, to identify KTM Original Equipment Manufacturer parts for sale.

IT IS FURTHER ORDERED that this permanent injunction is binding upon defendants' officers, agents, servants, employees, attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order.

Dated June 4, 2013, at ___11:20___ a.m.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE